IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**BERNADETTE L. JARAMILLO,**

    Petitioner,

v.   No. 16-cv-0284 LH/SMV

**MONICA WETZEL,**[1]

    Respondent.

### MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on Petitioner's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus [Doc. 1], filed on April 11, 2016, and her Appendix/Supplement [Doc. 4], filed April 14, 2016.  Respondent answered on May 19, 2016.  [Doc. 9].  The Honorable C. LeRoy Hansen, Senior United States District Judge, referred this matter to me for analysis and a recommendation of an ultimate disposition.  [Doc. 2].  Having reviewed the filings in this case and the relevant law, and being otherwise fully advised in the premises, I respectfully recommend that the Petition [Doc. 1] be denied for failure to exhaust state-court remedies and that this case be dismissed without prejudice.

### Background

Petitioner pleaded guilty to one count of bringing contraband onto prison grounds, a third-degree felony, before the Honorable William G.W. Shoobridge, District Judge for the Fifth

---

[1] The Court ordered the Clerk to substitute Monica Wetzel, the Warden of the facility where Petitioner is incarcerated, as the sole named Respondent on April 20, 2016.  [Doc. 6].

Judicial District of New Mexico, on October 14, 2015.  Petitioner was sentenced to three years of incarceration with 18 months suspended, followed by a term of supervised probation.  [Doc. 9-1] at 1. Petitioner was represented at her change of plea hearing and at sentencing by attorney Daniel M. Salazar.  *Id*. at 1, 5.  Petitioner did not file a direct appeal.  *See id*. at 10–14 (Register of Actions in Petitioner's state case).  On February 17, 2016, Petitioner signed a pro se Motion to Amend Judgment and Sentence, which was filed in the Fifth Judicial District Court on February 29, 2016.  *Id*. at 8.  Judge Shoobridge denied her Motion as untimely on March 8, 2016. *Id*. at 9 (Judge Shoobridge's order noting that motions to reconsider a sentence must be filed within 90 days after the sentence is imposed when there is no appeal).

Petitioner filed her Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus [Doc. 1] in this Court on April 11, 2016.  [Doc. 1].  She filed an Appendix/Supplement [Doc. 4] on April 14, 2016.  In it, she alleges six grounds of ineffective assistance of counsel by Mr. Salazar. *Id*. at 5–17.  Petitioner acknowledges that her motion for reconsideration of her sentence in the trial court is the only post-conviction relief she has sought.[2]  *Id*. at 2,  3 (Petitioner checks box indicating that besides the motion for reconsideration, she has not filed any other petitions, applications, or motions concerning her state court conviction); *see also* [Doc. 9-1] at 10–12 (Register of Actions in Petitioner's state case listing Motion to Amend/Modify as only post-conviction motion filed).  She seeks the same remedy in her Petition—a credit of "pre-confinement time"—as she did in her motion for reconsideration.  *Compare* [Doc. 1] at 15, *with* [Doc. 9-1] at 8.

---

[2] Petitioner also checked a box in her Petition indicating that "all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction."  [Doc. 1] at 12.  However, on the record as it stands now it appears that her § 2254 Petition is, indeed, the first time that she raises any claim of ineffective assistance of counsel.  Her motion for reconsideration did not raise any claims concerning her counsel, but simply asked the Court to amend her sentence. [Doc. 9-1] at 8.

Respondent answered on May 19, 2016, alleging that "available state-court remedies as to [Petitioner]'s claims of ineffective assistance of counsel remain unexhausted." [Doc. 9] at 1. Respondent alleges a "complete failure" to exhaust and asks the Court to dismiss the Petition without prejudice. *Id*. at 4.

**Analysis**

As an initial matter, it is not clear whether the Petition is properly brought under § 2254 or whether it should have been brought under § 2241.  "Petitions under § 2241 are used to attack the execution of a sentence, in contrast to § 2254 habeas . . . proceedings, which are used to collaterally attack the validity of a conviction and sentence." *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (internal citations omitted).  On one hand, the relief Petitioner requests—a credit of "pre-confinement time"—is generally sought under § 2241. [Doc. 1] at 15.  On the other hand, Petitioner alleges that her attorney was constitutionally ineffective, a claim generally raised under § 2254.  *Id*. at 5–17.  The issue need not be determined now.  A petition under either section requires exhaustion, and Petitioner has not exhausted.

A petitioner under § 2241 must exhaust all available state and administrative remedies. *Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir. 2002).  "A habeas petitioner is generally required to exhaust state remedies whether [her] action is brought under § 2241 or § 2254." *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (citing *Coleman v. Thompson*, 501 U.S. 722, 731 (1991)).  The exhaustion requirement is excused only if exhaustion would be futile. *Garza v. Davis*, 596 F.3d 1198, 1203–04 (10th Cir. 2010) (citing *Fazzini v. NE Ohio Corr. Ctr.*, 473 F.3d 229, 235-36 (6th Cir. 2006).

Petitioner does not allege that she attempted to exhaust her state or administrative remedies as to the execution of her sentence (i.e., her requested credit for "pre-confinement time"), nor did she allege that exhaustion would be futile. Nothing in the record suggests an attempt at exhaustion. I find that her § 2241 petition should be dismissed because she failed to show or even allege exhaustion of state and administrative remedies and did not show or allege that exhaustion would be futile.

A petitioner under § 2254 must exhaust all available state-court remedies before a federal court may review the petitioner's claims on their merits. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears the applicant has exhausted the remedies available in the courts of the State . . . ."). A claim is exhausted when the state courts are given "the opportunity to pass upon and correct alleged violations of [their] prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam) (internal quotation marks omitted). A state's highest court must normally be presented with the substance of the prisoner's federal claims before exhaustion occurs. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("State prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."). "Once the petitioner is made aware of the exhaustion requirement, no reason exists for [her] not to exhaust all potential claims before returning to federal court." *Slack v. McDaniel*, 529 U.S. 473, 489 (2000).

I find that Petitioner has not exhausted the state-court remedies for any of the ineffective-assistance-of-counsel presented in her Petition. Petitioner's only post-sentencing action in state court was her motion for reconsideration of her sentence. She has not presented

her ineffective assistance claims in state court at all, much less exhausted them. "[G]iven that the claims are entirely unexhausted, the § 2254 petition should be dismissed without prejudice." *United States. v. Hickman*, 191 F. App'x. 756, 757 (10th Cir. 2006) (unpublished).

## Conclusion and Recommended Disposition

I find that Petitioner has failed to exhaust available state remedies on all of her claims. Accordingly, I **RECOMMEND** that the Petition [Doc. 1] be **DENIED** and that this matter be **DISMISSED WITHOUT PREJUDICE**. Petitioner's claims are not procedurally defaulted and she may re-file in state court. *See* Rule 5-802 NMRA Committee Commentary for 2009 Amendments ("There is no time limit for filing a state petition for a writ of habeas corpus.").

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any written objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**